# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEMKO CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:22-cv-00363-L-BT |
| MICROSOFT CORPORATION and AFFIRMED NETWORKS, INC., | § § § § | |
| Defendants. | § | |

## **PATENT SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 16(b) and 26, the local civil rules of the District Court (except as modified herein), and the District Court's Civil Justice Expense and Delay Reduction Plan, and in consideration of any appropriate proposal submitted by the parties, the Court enters this Patent Scheduling Order. *Miscellaneous Order No. 62.* Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

1. **Trial Date:** The District Judge will set this case for trial by separate order after all dispositive motions have been decided. The pretrial order will establish trial-related deadlines, including a deadline for submitting witness lists, exhibit lists, deposition excerpts, and proposed jury instructions. The parties must be ready for trial on two (2) business days' notice at any time during this two-week period, unless the Court specifies otherwise at the pretrial conference.

2. **Joinder of Parties:** By **October 2, 2025**, all motions requesting joinder of additional parties shall be filed.

1

3. **Amendment of Pleadings:** By **October 2, 2025**, all motions requesting leave to amend shall be filed.

4. **Dispositive Motions:** All motions that would dispose of all or any part of this case, including motions for summary judgment, shall be filed by **September 3, 2026**. Cross-motions for summary judgment shall not, except in truly extraordinary circumstances, be permitted to be filed after the dispositive motion deadline. Briefs in support of responses to summary judgment motions shall be subject to the page restrictions contained in Local Rule 56.5(b). The inclusion of a dispositive motion deadline does not mean that the parties can file more than one motion for summary judgment. If a motion for summary judgment is filed by a party, that party will have to seek leave to file any additional motion(s) for summary judgment.

5. **Initial Designation of Experts:** Any party with the burden of proof on an issue shall file a written designation of the name and address of each expert witness who will testify at trial on such issue(s) and otherwise comply with Rule 26(a)(2), Fed. R. Civ. P. ("Rule 26(a)(2)") by **June 18, 2026**.

6. **Responsive Designation of Experts:** Any party without the burden of proof on an issue but who wishes to utilize an expert witness shall file a written designation of the name and address of each expert witness who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 26(a)(2) by **July 16, 2026**.

Case 2:25-cv-00305-JRG  Document 33-2  Filed 06/27/25  Page 4 of 10 PageID #:
Case 3:22-cv-00363-L-BT  Document 93  Filed 06/02/25  Page 3 of 9  PageID 9400
305

7. **Objections to Experts:** Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, must be made in a written motion filed on or before **September 3, 2026**.

8. **Handling and Protection of Privileged or Trial-Preparation Material:** A party seeking to file documents under seal must first file a public redacted version of the documents it seeks to file under seal. Once the redacted documents have been filed, the party seeking to file the documents under seal must submit a motion to file under seal with the unredacted version of the documents it seeks to file under seal attached to the request.

9. **Technology Tutorials:** If the parties desire to provide a technology tutorial, they shall exchange proposed written or visual tutorial presentations prior to submission of the Court. If the parties agree on a final tutorial presentation, it shall be submitted to the Court at the Court's request. If the parties cannot agree on a joint tutorial presentation, each side shall submit their respective presentations to the Court and serve on all parties at least seven days prior to the date set by the Court for submission to the Court.

10. The parties shall adhere to the following schedule:

| Local Rule | Description | Deadline |
| --- | --- | --- |
| 3-1 | Disclosure of Asserted Claims and Preliminary Infringement Contentions | June 13, 2025 |

Case 2:25-cv-00305-JRG   Document 33-2   Filed 06/27/25   Page 5 of 10 PageID #:
Case 3:22-cv-00363-L-BT   Document 93   Filed 06/02/25   Page 4 of 9   PageID 9401
                                                      3052

| | | |
|---|---|---|
| 3-2 | Document Production Accompanying Disclosure | June 13, 2025 |
| | Deadline to Amend Infringement Contentions (for good cause or based on Claim Construction Order) | 45 days after source code production, if applicable, or Claim Construction ruling |
| 3-3(a) | Disclosure of Preliminary Invalidity Contentions and Accompanying Document Production | August 12, 2025 |
| 3-4 | Document Production Accompanying Preliminary Invalidity Contentions | August 12, 2025 |
| | Deadline to Amend Invalidity Contentions (for good cause or based on the Claim Construction Order, or in the event Plaintiff amends its infringement contentions) | 45 days after receipt of amended infringement contentions, if applicable |
| 4-1(a) | Deadline for exchange of Proposed Terms and Claim Elements for Construction | September 4, 2025 |
| | Deadline for Joint Settlement Status Report | September 12, 2025 |
| | Settlement Conference, with report due 3 days after | October 30, 2025 |
| | Deadline to file motions for joinder of additional parties | October 2, 2025 |
| | Deadline to file motions for leave to amend pleadings | October 2, 2025 |
| | Substantial completion of document production | October 16, 2025 |
| 4-2 | Deadline for all parties to exchange Preliminary Claim Constructions and Extrinsic Evidence | September 25, 2025 |
| 4-3 | Deadline for parties to file Joint Claim Construction and Prehearing Statement | October 2, 2025 |

4

| | | |
|---|---|---|
| 4-3(b) | Deadline for exchange of expert declarations on claim construction | October 16, 2025 |
| 4-4 | Deadline for completion of claim construction discovery | October 30, 2025 |
| 4-5(a) | Deadline for all parties to file opening claim construction brief | November 13, 2025 |
| 4-5(b) | Deadline for all parties to file responsive claim construction brief | December 4, 2025 |
| 4-5(c) | Deadline for all parties to file reply claim construction brief | December 11, 2025 |
| 4-5(d) | Deadline for parties to submit Claim Construction Chart | 10 days before Markman hearing |
| 4-6 | Markman hearing (Claim Construction Hearing) | January 13, 2026, subject to the Court's calendar |
| | Deadline for completion of Fact Discovery | April 9, 2026 |
| | Deadline for disclosure of expert reports on which party bears the burden of proof | June 18, 2026 |
| | Deadline to serve rebuttal expert reports | July 16, 2026 |
| | Deadline for completion of expert discovery | August 13, 2026 |
| | Deadline to file Dispositive Motions, including *Daubert* motions | September 3, 2026 |
| | Deadline to file Pretrial Disclosures | TBD |
| | Deadline to file Objections to Pretrial Materials | TBD |
| | Pretrial Conference | TBD |
| | Deadline to file Jury Instructions, Proposed *Voir Dire* Questions | TBD |

5

|  | Jury Selection before Judge Sam A. Lindsay | TBD |
|---|---|---|

11. **Pretrial Disclosures and Objections:** Unless otherwise directed by Order, the parties must make the disclosures required by Rule 26(a)(3)(A)(i)-(iii), Fed. R. Civ. P. by a date determined by Judge Lindsay after all dispositive motions have been determined. Judge Lindsay will also establish a deadline for a party to serve and file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii), and (ii) any objection, together with the grounds therefore, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii), if any. Other than exhibits on file with the Court, the objecting party must attach to the objections the materials to which the objections are directed. Counsel, or the party if not represented by counsel, must confer about exhibits and deposition designations and make reasonable efforts to agree on admissibility prior to the pretrial conference, at which time the Court will rule on the admissibility of the exhibits.

12. **Completion of Discovery:** By **April 9, 2026**, all factual discovery shall be completed. By **August 13, 2026**, all expert discovery shall be completed. **Discovery Limitations:** Each party shall be entitled to 25 Requests for Admission, not counting Requests for Admission relating to the authenticity of documents, which shall be unlimited.

13. **Settlement Status Report and Settlement Conference:** Counsel, or the respective party if not represented by counsel, are directed to

confer and file with the Court by **September 12, 2025**, a joint report setting forth the status of settlement negotiations and the specific efforts made by the parties to resolve this case. If no efforts have been made, the parties must state the reasons why no settlement efforts have occurred. Counsel shall include in such report a statement about their views about ADR (timing and preference for provider, if any), and desire for a settlement conference to be conducted by the Magistrate Judge. Not later than **October 30, 2025**, the parties and their respective lead counsel must meet in person or by telephone conference to discuss settlement of this case. All parties must make a good faith effort to settle this case. At the conclusion of this conference, counsel must, within three business days, notify the Court in writing of the participants' names and capacities, and the results of the settlement conference.

14. **Modification of Patent Scheduling Order:** The parties may agree to modify the deadlines established by Paragraphs 2, 3, 5, 6, 7 and 11 of this Patent Scheduling Order; provided, however, that objections to experts cannot be extended to a date less than twenty-eight (28) days before trial; and (2) any extensions to deadlines must be confirmed in writing and filed promptly thereafter with the Court. If the parties seek to extend any other deadlines set forth in this Patent Scheduling Order, they shall file a motion seeking such an extension before the deadline elapses. This Order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court. Fed. R. Civ. P. 16(b).

15. Under Local Rule 7.1, unless otherwise directed by the Court, responses to motions must be filed by the twenty-first day after the motion is filed, and replies are to be filed by the fourteenth day after the date the response is filed. If the due date falls on a Saturday, Sunday, or federal holiday, the response or reply is due on the next business day. Federal Rule 6(d), which provides that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)," does not apply to response or reply due dates, which are calculated under Local Rule 7.1 according to the motion or response's filing date, not the date of service. If a party is unaware of the filing date of a motion or response, the party may contact the Court to ascertain that information.

16. **Parties:** Whenever the name of any party, or the name of the parent of a corporate entity changes during the proceeding, counsel or, if applicable, an unrepresented party, shall advise the Court of such change, within twenty (20) days of the event. It shall be the responsibility of counsel or any unrepresented party to remain fully advised of any such developments.

17. **Compliance with this Order:** Counsel and the parties are expected to comply fully with this Order. Failure to comply will cause the Court to consider the entire range of sanctions available.

**SO ORDERED.**

June 2, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE