# EXHIBIT 15

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/146,618 | 06/26/2008 | Shaowei Pan | 1082-0007 | 5489 |

60533      7590      04/27/2012
TOLER LAW GROUP
TOLER LAW GROUP
8500 BLUFFSTONE COVE
SUITE A201
AUSTIN, TX 78759

| EXAMINER |
|---|
| KIM, WESLEY LEO |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2617 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/27/2012 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 12/146,618 | PAN, SHAOWEI |
| | Examiner | Art Unit |
| | WESLEY KIM | 2617 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>23 January 2012</u>.
2a) ☒ This action is **FINAL**.    2b) ☐ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5) ☒ Claim(s) <u>1-6,8-12,15,16 and 26-37</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) <u>1-6,8-12,15,16 and 26-37</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
12) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All    b) ☐ Some * c) ☐ None of:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date <u>4/17/12</u>.
4) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Application/Control Number: 12/146,618 Page 2
Art Unit: 2617

## DETAILED ACTION

### *Response to Amendment*

1. This Office Action is in response to Amendment filed on 1/23/12.

   - Claims 7, 13-14, and 17-25 are cancelled.
   - Claims 1, 8-11, and 15 are amended.
   - Claims 26-37 are new.
   - Claims 1-6, 8-12, 15-16, and 26-37 are pending.

### *Response to Arguments*

2. Applicant's arguments filed 1/23/12 have been fully considered but they are not persuasive.

   - Applicant states that Terminal Disclaimers to US 7856233 and US 7653414 have been filed.

     The examiner notes that there appears to be no Terminal Disclaimers filed in the most recent response (1/23/12 and 4/17/12).

   - Applicant states that Claim 7 is added into Claim 1, making Claim 1 now allowable.

     Examiner respectfully disagrees. Looking back at the claim set filed on 6/26/08, claim 7 is entirely different than what is added into Claim 1 in the most recent set of Claims (1/23/12).

### Double Patenting

3. The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the

Application/Control Number: 12/146,618 Page 3
Art Unit: 2617

unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees.  A nonstatutory obviousness-type double patenting rejection is appropriate where the conflicting claims are not identical, but at least one examined application claim is not patentably distinct from the reference claim(s) because the examined application claim is either anticipated by, or would have been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); and *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent either is shown to be commonly owned with this application, or claims an invention made as a result of activities undertaken within the scope of a joint research agreement.

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

4. Claims 1, 3-7, 9-10, and 26-37 are rejected on the ground of nonstatutory obviousness-type double patenting as being unpatentable over claims 11, 13-15 of

Application/Control Number: 12/146,618 Page 4
Art Unit: 2617

U.S. Patent No. 7856233. Although the conflicting claims are not identical, they are not patentably distinct from each other because the claims of the current application encompass the same subject matter as the patented claims.

- Claims 1, 3-7, 9-10, and 26-37 of the current application is directed towards a DMAG with a legacy interface and a private IP interface capable of routing traffic to a DMA server and the DMAG also having a home distributed mobile architecture server register and a visited distributed mobile architecture server register, and a community distributed mobile architecture server register.
- Claims 11 and 13-15 of the Patent also mentions a DMA system (i.e. obvious wording variation but same as DMAG of current claims) with an interface to MSC or ISDN (i.e. legacy) and an interface to VoIP network (i.e. private IP) and the DMA system (i.e. DMAG) having a HLR, VLR, and CLR.

As can be seen there are some differences between the claims such as a PSTN legacy in the current application, however the differences would have been obvious and therefore the claims are not patentably distinct from one another because the claims of the current application encompass the same subject matter as the patented claims.

5. Claims 1, 3-7, 9-10, and 26-37 are rejected on the ground of nonstatutory obviousness-type double patenting as being unpatentable over claims 11, 13-15 of U.S. Patent No. 7653414 B2. Although the conflicting claims are not identical, they

Application/Control Number: 12/146,618  Page 5
Art Unit: 2617

are not patentably distinct from each other because the claims of the current application encompass the same subject matter as the patented claims.

- Claims 1, 3-7, 9-10. And 26-37 of the current application is directed towards a DMAG with a legacy interface and a private IP interface capable of routing traffic to a DMA server and the DMAG also having a home distributed mobile architecture server register and a visited distributed mobile architecture server register, and a community distributed mobile architecture server register.

- Claims 11 and 13-15 of the Patent also mentions a DMA system (i.e. obvious wording variation but same as DMAG of current claims) with an interface to MSC or ISDN (i.e. legacy) and an interface to VoIP network (i.e. private IP) and the DMA system (i.e. DMAG) having a HLR, VLR, and CLR.

As can be seen there are some differences between the claims such as a PSTN legacy in the current application, however the differences would have been obvious and therefore the claims are not patentably distinct from one another because the claims of the current application encompass the same subject matter as the patented claims.

### Claim Rejections - 35 USC § 103

6. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action: