IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LEMKO CORPORATION,<br><br>    Plaintiff,<br>  v.<br><br>AT&T INC., AT&T ENTERPRISES LLC, AT&T COMMUNICATIONS LLC, AT&T MOBILITY LLC, AT&T MOBILITY LLC II, and AT&T SERVICES, INC.,<br><br>    Defendants. | Case No. 2:25-cv-00305-JRG |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
<u>MOTION TO TRANSFER UNDER THE FIRST-TO-FILE RULE</u>**

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 1

    A. Lemko Filed Suit Against AT&T in This District ................................................. 1

    B. Lemko Filed Suit Against Microsoft and Affirmed Networks in the Northern District of Texas, Asserting Different Patents Against Different Defendants and Different Products ......................................................... 2

    C. The Microsoft Case is Administratively Closed and Has Not Advanced Beyond the Pleading Stage ..................................................................... 3

III. ARGUMENT ................................................................................................................... 3

    A. The First-to-File Rule Does Not Apply Because There is No Substantial Overlap Between this Case and the Microsoft Case ............................................... 3

        1. The Defendants in the Microsoft Case Are Different ................................. 4

        2. The Accused Products in the Microsoft Case Are Different ...................... 5

        3. The Asserted Patents in This Case are Different From the Asserted Patents in the Microsoft Case ...................................................................... 7

    B. Transfer Would Not Promote Judicial Economy or Efficient Resolution of the Parties' Disputes ........................................................................................... 10

IV. CONCLUSION.............................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AmberWave Systems Corp. v. Intel Corp.*,
 No. 2:05-CV-321, 2005 WL 2861476 (E.D. Tex. Nov. 1, 2005) .............................................. 8

*Datamize, Inc. v. Fidelity Brokerage Services, LLC*,
 No. 2:03-CV-321-DF, 2004 WL 1683171 (E.D. Tex. Apr. 22, 2004) ............................. 7, 8, 9

*Google Inc. v. Rockstar Consortium U.S. LP*,
 No. C 13-5933 CW, 2014 WL 1571807 (N.D. Cal. Apr. 17, 2014) .......................................... 4

*Medimmune, LLC v. PDL BioPharma, Inc.*,
 No. 08-5590 JF (HRL), 2009 WL 1011519 (N.D. Cal. Apr.14, 2009) .................................... 10

*Mobility Elecs., Inc. v. Am. Power Conversion Corp.*,
 No. 5:07CV83, 2007 WL 9724768 (E.D. Tex. Oct. 10, 2007) .......................................... 3, 10

*Personalized Media Communications, L.L.C. v. Motorola, Inc.*,
 No. 2:08-CV-70, 2009 WL 10643344 (E.D. Tex. Sept. 30, 2009) ..................................... 8, 10

*Robert Bosch Healthcare Systems, Inc. v. Cardiocom, LLC*,
 No. 2:13-CV-00349-JRG, 2014 WL 12618095 (E.D. Tex. Mar. 10, 2014) .............................. 7

*Save Power Ltd. v. Syntek Finance Corp.*,
 121 F.3d 947 (5th Cir. 1997) ..................................................................................................... 5

*Scorpcast, LLC v. MG Freesites, Ltd.*,
 No. W-20-CV-00877-ADA, 2021 WL 7286024 (W.D. Tex. June 21, 2021) ........................... 8

*SIPCO, LLC v. Emerson Electric Co.*,
 No. 15-cv-907, 2016 WL 7743496 (E.D. Tex. July 1, 2016) .................................................... 7

*In re Taasera Licensing LLC, Patent Litigation*,
 No. 2:22-CV-00303-JRG, 2023 WL 2716548 (E.D. Tex. Mar. 29, 2023) ................................ 5

*Virginia Innovation Scis., Inc. v. Amazon.com, Inc.*,
 No. 4:18-CV-474, 2019 WL 3082314 (E.D. Tex. July 15, 2019) ............................................. 6

**Statutes**

38 U.S.C. § 1400 ............................................................................................................................ 4

**I.     INTRODUCTION**

AT&T's motion to transfer under the first-to-file rule should be denied because this case is the first and only case filed for this controversy.  This case is about AT&T's infringement of seven of Lemko's patents by selling nationwide cellular network services and private cellular networks.  Lemko separately filed suit in the Northern District of Texas against Microsoft and Affirmed Networks.  That case is administratively closed, has not progressed beyond the pleading stage, and involves different parties, different patents, and different products.  Given the absence of substantial overlap between the cases, the first-to-file rule does not apply and there is no basis to transfer this dispute out of Lemko's chosen forum.

**II.    BACKGROUND**

**A.     Lemko Filed Suit Against AT&T in This District**

Lemko filed this action against AT&T Inc. and various of its subsidiaries for willful infringement of multiple Lemko patents.  The AT&T Defendants all either have their principal place of business or are registered to do business in this District.  Dkt. No. 1 at ¶¶ 3-8.  Neither Microsoft nor Affirmed Networks are defendants in this case.

Here, Lemko asserts U.S. Patent Nos. 7,840,230, 7,979,066, 8,224,322, 8,310,990, 8,340,667, 8,359,029, and 9,198,020 (the "AT&T Case Patents").  *Id.* at ¶¶ 28-34.  None of the AT&T Case Patents are asserted against Microsoft, and none of the patents Lemko is asserting against Microsoft are asserted in this case.

In this case, Lemko accuses of infringement AT&T's nationwide 4G and 5G cellular networks and AT&T's private cellular network services (the "AT&T Accused Products").  *Id.* at ¶ 44.  Lemko does not accuse these products of infringement in the case against Microsoft.

1

This case is already past the pleading stage, as AT&T answered Lemko's Complaint on June 9, 2025.  Dkt. No. 27.  The Court scheduled a case management conference for July 16, 2025.  Dkt. No. 31.  Lemko will be serving its infringement contentions and related document production on July 23, 2025.  Dkt. No. 35.

> **B.     Lemko Filed Suit Against Microsoft and Affirmed Networks in the Northern District of Texas, Asserting Different Patents Against Different Defendants and Different Products**

Lemko filed suit against Microsoft and Affirmed Networks in the Northern District of Texas ("NDTX").  *See* Ex. 1[1], *Lemko Corp. v. Microsoft Corp.*, 3:22-cv-00363 ("Microsoft Case"), Dkt. No. 1 (Complaint) at ¶¶ 8-9.  The Microsoft Defendants maintain regular and established places of business in NDTX.  *Id.*  Neither Microsoft nor Affirmed Networks are parties to this action.

In the Microsoft Case, Lemko asserts its U.S. Patent Nos. 7,548,763, 7,653,414, 7,855,988, 8,107,409, 8,688,111, 9,191,980, 9,332,478, and 9,755,931 (the "Microsoft Case Patents").  *Id.* at ¶¶ 14-28.  Lemko is not asserting any of the Microsoft Case Patents in this case.  Lemko is not asserting any of the AT&T Case Patents in the Microsoft Case.

Lemko accuses Microsoft and Affirmed Networks of infringing through selling Affirmed Mobile Core and Affirmed Private Network Service (the "Microsoft Accused Products").  *See* Dkt. No. 33-1, Ex. 1 (Microsoft Case, 2nd Amended Complaint) at ¶ 50.  Affirmed Mobile Core is software for running a software-based cellular network.  *Id.* at ¶¶ 51-57.  Affirmed Private Network Service combines Affirmed Mobile Core with a server and network management services.  *Id.* at ¶¶ 58-62.  Microsoft also sells Azure Stack Edge servers as one of the many different servers that can be used to run the Affirmed Mobile Core software.  *Id.* at ¶ 63.

---

[1] Unless otherwise indicated, all exhibits are attached to the Declaration of Aaron M. Frankel.

### C. The Microsoft Case is Administratively Closed and Has Not Advanced Beyond the Pleading Stage

The Microsoft case is now administratively closed and has not progressed beyond the pleading stage. Lemko filed the Microsoft Case in February 2022. Judge Lindsay stayed the case pending resolution of a series of motions to dismiss filed by Microsoft. Ex. 2, Microsoft Case, Dkt. No. 41 (1/12/23 Order re Staying Discovery) at 1. The NDTX court briefly lifted the stay after ultimately denying in relevant part Microsoft's last motion to dismiss. Ex. 3, Microsoft Case, Dkt. No. 94 (June 4, 2025 Order). Shortly after AT&T filed this motion, Judge Lindsay *sua sponte* recused himself from the Microsoft Case. Ex. 4, Microsoft Case, Dkt. No. 103 (July 2, 2025 Recusal Order). The Microsoft Case was then reassigned to Judge Kinkeade, who vacated the order referring this case to Magistrate Judge Rebecca Rutherford, vacated the scheduling order, and administratively closed the Microsoft Case to allow time for him to familiarize himself with the record. Ex. 5, Microsoft Case, Dkt. No. 106 (Closing Case). The parties have not begun claim construction in the Microsoft Case and the only discovery to date is Lemko's service of its infringement contentions. There is no date set for a *Markman* hearing, trial, or any other deadline in the Microsoft Case. Microsoft has not produced any documents, served any discovery, or provided invalidity contentions.

### III. ARGUMENT

#### A. The First-to-File Rule Does Not Apply Because There is No Substantial Overlap Between this Case and the Microsoft Case

"In determining whether the first-to-file rule applies to a motion to transfer, the court must first determine whether there is substantial overlap between the two pending actions." *Mobility Elecs., Inc. v. Am. Power Conversion Corp.*, No. 5:07CV83, 2007 WL 9724768, at *3 (E.D. Tex. Oct. 10, 2007). Here, the first-to-file rule does not apply because the Microsoft Case involves different parties, different patents, and different products. As discussed below, the

3

limited overlap that AT&T relies upon—that the patents involved in both cases have the same inventor and are directed to different inventions within the same general field—is insufficient to trigger the first-to-file rule and does not constitute "substantial overlap."

### 1. The Defendants in the Microsoft Case Are Different

The parties in this case are different from the parties in the Microsoft Case. AT&T is not a defendant in the Microsoft Case, and Microsoft and Affirmed Networks are not defendants in this case.

While AT&T notes that Lemko is the plaintiff in both cases, it cites no case holding that the first-to-file rule requires a patent owner to file all of its cases in the same district when it is pursuing claims against different unrelated defendants. Rather, a patent owner may file wherever venue is proper and there is jurisdiction over the defendant, which AT&T does not contest here. *See* 38 U.S.C. § 1400.

AT&T nevertheless makes the naked claim that "the defendants substantially overlap because Lemko alleges AT&T and Microsoft are in privity regarding the accused products." Motion at 14. But Lemko has never alleged "privity" between the parties, and AT&T provides no basis in the pleadings or facts for this assertion. *See id.* To the extent AT&T is referring to Lemko's allegations that AT&T uses certain Microsoft supplied components among the myriad elements it uses to deploy the AT&T Accused Products, *see, e.g.,* Dkt. No. 1 at ¶ 50, such a relationship does not create legal "privity" between AT&T and Microsoft that would justify the relief that AT&T seeks for unrelated defendants in a patent case. AT&T provides no basis for the Court to find that it and Microsoft are effectively the same entity or stand in the shoes of one another such that they could be deemed to be in privity for purposes of the first-to-file rule. *Google Inc. v. Rockstar Consortium U.S. LP*, No. C 13-5933 CW, 2014 WL 1571807, at *9

(N.D. Cal. Apr. 17, 2014) (because the relationship between the defendants across the cases at issue "is one of manufacturer and customer," the defendants "are not in privity").

The cases AT&T cites to support its privity theory are inapposite. *See* Motion at 14. *In re Taasera Licensing LLC, Patent Litigation* found there was privity between the defendants in the first and second-filed cases because one was the corporate subsidiary of the other. No. 2:22-CV-00303-JRG, 2023 WL 2716548, at *4 and n.1 (E.D. Tex. Mar. 29, 2023). In this case, AT&T is not a subsidiary of Microsoft or Affirmed Networks. In *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947 (5th Cir. 1997), the court did not make any finding that the defendants in the first and second-filed case were in privity and did not rely on any relationship between the defendants to decide the first-to-file question. *Id.* at 951-52. Moreover, in that case, the overlap between the cases was confirmed by the second-filed-case defendant's decision to file a motion to intervene in the first-filed case. *Id.* In contrast, AT&T has not sought to intervene in the Microsoft Case and would have no basis to do so. Thus, AT&T fails to show that there is substantial overlap between the parties in this case and the Microsoft Case.

2. **The Accused Products in the Microsoft Case Are Different**

The Accused Products in this case are different from the accused products in the Microsoft Case. In this case, Lemko accuses AT&T of infringing by operating its nationwide cellular networks. Dkt. No. 1 at ¶¶ 46-56. Those AT&T nationwide and private cellular networks are not accused of infringement in the Microsoft Case and are not sold by Microsoft. Lemko also accuses of infringement in this case private networks that AT&T sells to its customers. *Id.* While the Microsoft case involves private networks that *Microsoft* sells to its customers, those Microsoft networks are not the AT&T networks at issue in this case.

AT&T's infringing networks are made of numerous components coming from a wide range of suppliers. For example, the AT&T networks include mobile devices, base transceiver

5

stations, SIM cards, backhaul, private data networks, network control software, and servers to run the software. *Id.* Lemko alleges that AT&T uses "common-off-the-shelf servers," an industry term for general purpose servers that can come from a variety of sources and provide a variety of functions, which could be Microsoft "Azure Stack Edge servers, *or other COTS servers*" provided by other third parties. *Id.* at ¶ 50 (emphasis added); Ex. 6 (https://csrc.nist.gov/glossary/term/commercial_off_the_shelf). In addition, Microsoft provides some of the control software that AT&T uses to provide the requisite 5G and 4G network services. Dkt. No. 1 at ¶ 50. Thus, Microsoft is just one of many companies that supply AT&T with the components that go into the AT&T Accused Products.

AT&T argues there is substantial overlap between the Microsoft Case and this case because both Microsoft's networks and AT&T's networks provide 4G and 5G functionality. But those functions, such as access and mobility function (AMF), session handling (SMF), authentication (UDM), and data routing functionality, are part of *every* 5G and 4G network, whether or not it is implemented using servers or control software provided by Microsoft or any other supplier. *See, e.g.,* Dkt. No. 1-30, Ex. 30 at 147-149, 152 (standards document defining required functionality). The core infringement issue in this case is how AT&T assembles many disparate components to create the AT&T nationwide and private networks that it sells to its customers. The core infringement issue in the Microsoft Case is how Microsoft assembles a variety of components to obtain the private Microsoft networks that it sells to its customers. Unless a specific customer happens to purchase networks from both AT&T and Microsoft, there is no overlap between the networks provided by AT&T and by Microsoft. Thus, it does not follow that the "core infringement claim" is the same across both cases, or even that there is overlap amongst the accused products. *Virginia Innovation Scis., Inc. v. Amazon.com, Inc.*, No.

4:18-CV-474, 2019 WL 3082314, at *28 (E.D. Tex. July 15, 2019) (finding overlap insubstantial even where there are some overlapping accused products, acknowledging "that there are certain similarities and overlap; however, there are also distinctions" amongst the accused products).

For this reason, AT&T's reliance on *Robert Bosch Healthcare Systems, Inc. v. Cardiocom, LLC,* No. 2:13-CV-00349-JRG, 2014 WL 12618095 (E.D. Tex. Mar. 10, 2014), is misplaced. There, one of the reasons the Court transferred a second-filed suit was because, unlike here, the "suit accuses many of the same products as the [first-filed] suit," creating substantial overlap in the cases that suggests that judicial economy and comity would be served by transferring the case. *Id.* at *1. The same is true of *SIPCO, LLC v. Emerson Electric Co.*, where the Court transferred the second-filed case because "[b]oth actions involve . . . the same accused products." 15-cv-907, 2016 WL 7743496, at *4 (E.D. Tex. July 1, 2016). Since the accused products are different in the Microsoft Case, the first-to-file rule does not apply to this case.

### 3. The Asserted Patents in This Case are Different From the Asserted Patents in the Microsoft Case

There is **no** overlap whatsoever between the patents asserted in this case and the Microsoft Case. Specifically, Lemko is not asserting any of the Microsoft Case Patents against AT&T and is not asserting any of the patents in this case against Microsoft.

While Defendants note that four of the patents Lemko asserts in this case are **related** to patents asserted in the Microsoft Case, they also concede that three of patents are unrelated, creating a bigger distinction between the two cases. Even when related, each patent is deemed a separately enforceable legal right. Thus, courts have found that a familial relationship between different patents asserted in different cases is insufficient to implicate the first-to-file rule, particularly where the parties and products are different. For example, in *Datamize, Inc. v.*

7

*Fidelity Brokerage Services, LLC*, the Court found no substantial overlap, despite the legal relation between the patents asserted in two cases, because the two cases involve "different defendants, different patent claims, different claim scopes, different accused products, and a different industry." No. 2:03-CV-321-DF, 2004 WL 1683171, at *4, *7 (E.D. Tex. Apr. 22, 2004). Additionally, in *Personalized Media Communications, L.L.C. v. Motorola, Inc.*, the Court found there was not substantial overlap between two cases even though "both involve the *same* patents [because], in this case, the plaintiff asserts different claims against different defendants and accuses different technology platforms." No. 2:08-CV-70, 2009 WL 10643344, at *2 (E.D. Tex. Sept. 30, 2009) (emphasis added). This is the situation here where the parties and products in the two cases are different.

Defendants' cases involve different facts. For example, in *AmberWave Systems Corp. v. Intel Corp.*, the same parties and same products were accused of infringement in both the first and second-filed cases and the Court found that the two cases would have substantially overlapping discovery. No. 2:05-CV-321, 2005 WL 2861476, at *2 (E.D. Tex. Nov. 1, 2005). Similarly, *Scorpcast, LLC v. MG Freesites, Ltd.* involved identical parties, the same website accused of infringement, and "nearly identical" "patent technology language" across the patents asserted in the two cases. W-20-CV-00877-ADA, 2021 WL 7286024, at *3 (W.D. Tex. June 21, 2021). Neither case applies here because the parties and accused products are different.

Defendants note that some of the patents asserted in this case are terminally disclaimed over the Microsoft Case Patents. Motion at 11-12. But that is not enough to establish a substantial overlap between the cases. This Court has recognized that filing terminal disclaimers is a routine patent prosecution practice and that a terminal disclaimer does not serve as "evidence of substantial overlap of the claim scope of the patents," particularly when "[i]t is a fundamental

8

principle of patent law that two applications cannot claim the same invention . . . ." *Datamize, Inc.*, 2004 WL 1683171, at *5.

Finally, Defendants warn of a risk of inconsistent claim constructions between the cases. Between the fifteen patents asserted across the two cases, there are dozens of claim terms, most of which do not overlap and do not appear across all of the Asserted Patents. Defendants highlight overlapping terms (Motion at 5), such as HLR (home location register), VLR (visitor location register), MSC (mobile switching center), BSC (base station controller), and AAA (authentication, authorization, and account), which are widely-used technical terms that likely will not require construction. *See* Ex. 7 (https://en.wikipedia.org/wiki/Network_switching_subsystem). AT&T does not explain how these standard terms create a material claim construction issue.

Defendants also emphasize the "distributed mobile architecture," which appears in some but not all of the patents at issue. Motion at 5. Here too there is little risk of inconsistent constructions between the cases. In its petitions for *inter partes* review, Microsoft took the position that the term did not require any construction, and that issue is now on appeal and will, therefore, likely be resolved by the Federal Circuit. *See, e.g.,* Ex. 8 (Lemko's IPR Prelim. Resp.) at 19-20; Ex. 9 (Lemko's Opening Brief, Fed. Cir.) at 46-56; Ex. 10 (Microsoft's Response Brief, Fed. Cir.) at 49-60; Ex. 11 (Lemko's Reply Brief, Fed. Cir.) at 20-29; Ex. 12 (Microsoft's IPR Reply) at 1-3 (Microsoft arguing no construction necessary). Thus, AT&T fails to show that there is substantial overlap in the Asserted Patents that creates a specific risk of inconsistent claim constructions.

### B. Transfer Would Not Promote Judicial Economy or Efficient Resolution of the Parties' Disputes

Beyond the absence of substantial overlap between the two cases, transfer of this action to NDTX would be contrary to "considerations of judicial and litigant economy, and the just and effective disposition of disputes," which is a further independent basis to deny AT&T's motion. *Mobility Elecs., Inc.*, 2007 WL 9724768, at *2-3 ("The 'first-to-file' rule is grounded in principles of comity and sound judicial administration."). Here, despite being filed three and a half years ago, the Microsoft Case is now assigned to a new judge with no prior experience with the case, was recently administratively closed, and has no case scheduling order. Rather than promoting efficiency, transfer would significantly delay the resolution of the dispute presented in this case, frustrating the purpose of the first-to-file rule. *Medimmune, LLC v. PDL BioPharma, Inc.,* No. 08-5590 JF (HRL), 2009 WL 1011519, at *3 (N.D. Cal. Apr.14, 2009) (denying transfer where the first-filed court had limited involvement with the case and proceedings were currently stayed); *Personalized Media Commc'ns, L.L.C.*, 2009 WL 10643344, at *2 (holding that transfer of the case would "produce only minimal gains in judicial economy, if any at all" where, as here, the first-filed court "has not evaluated the merits of [plaintiff's] complaint and has not adopted any claim construction"). Thus, denying AT&T's motion would allow for the most efficient and prompt conclusion of this action.

### IV. CONCLUSION

For the foregoing reasons, Lemko respectfully requests that the Court deny AT&T's motion to transfer this case to NDTX.

| | |
|---|---|
| Dated: July 14, 2025 | */s/ Aaron M. Frankel*<br>Paul J. Andre (*pro hac vice*)<br>Lisa Kobialka (*pro hac vice*)<br>James Hannah (*pro hac vice*)<br>HERBERT SMITH FREEHILLS<br>KRAMER (US) LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065<br>Telephone: (650) 752-1700<br>Facsimile: (650) 752-1800<br>Paul.Andre@hsfkramer.com<br>Lisa.Kobialka@hsfkramer.com<br>James.Hannah@hsfkramer.com<br><br>Aaron M. Frankel<br>HERBERT SMITH FREEHILLS<br>KRAMER (US) LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 715-9100<br>Facsimile: (212) 715-8000<br>Aaron.Frankel@hsfkramer.com<br><br>Elizabeth L. DeRieux<br>State Bar No. 05770585<br>Capshaw DeRieux LLP<br>114 E. Commerce Ave.<br>Gladewater, TX 75647<br>Telephone: (903) 845-5770<br>ederieux@capshawlaw.com<br><br>*Attorneys for Plaintiff*<br>Lemko Corporation |

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Aaron M. Frankel*
Aaron M. Frankel
