# EXHIBIT 1

Case 2:25-cv-00305-JRG   Document 37-3   Filed 07/14/25   Page 2 of 10 PageID #:
Case 3:22-cv-00363-L   Document 1   Filed 02/14/22   Page 1 of 87   PageID 1
503

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS COUNTY DIVISION

| | |
|---|---|
| LEMKO CORPORATION, an Illinois Corporation, | ) ) ) |
| Plaintiff, | ) Case No.: 3:22-cv-363 ) ) **DEMAND FOR JURY TRIAL** |
| vs. | ) ) |
| MICROSOFT CORPORATION, a Washington Corporation, and AFFIRMED NETWORKS, INC., a Delaware Corporation, | ) ) ) ) |
| Defendants. | ) ) ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lemko Corporation ("Lemko") files this Complaint for Patent Infringement and Demand for Jury Trial against Microsoft Corporation and Affirmed Networks, Inc. (collectively "Defendants") and alleges as follows:

**THE PARTIES**

1. Lemko is an Illinois corporation, with its principal place of business at 846 East Algonquin Road, Suite #101, Schaumburg, IL 60173.

2. Founded in 2004, Lemko provides a leading, fully edge-capable mobile network platform and resilient 4G/5G wireless networks for use in Industrial Internet of Things ("IoT") applications, private 4G/5G networks, wireless rural broadband systems, and military and public safety deployments.

3. Microsoft Corporation ("Microsoft") is a Washington corporation. Microsoft may be served through its agent for service of process, CSC Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

1

Case 2:25-cv-00305-JRG   Document 37-3   Filed 07/14/25   Page 3 of 10 PageID #:
Case 3:22-cv-00363-L   Document 1   Filed 02/14/22   Page 2 of 87   PageID 2
504

4. Affirmed Networks, Inc. ("Affirmed Networks") is a Delaware corporation. Affirmed Networks may be served through its agent for service of process, CSC Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

5. Microsoft acquired Affirmed Networks in 2020, and Affirmed Networks is now a wholly-owned subsidiary of Microsoft. Microsoft and Affirmed Networks variously developed the Accused Products (defined below).

## JURISDICTION AND VENUE

6. This action for patent infringement arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

8. The Court has personal jurisdiction over Microsoft because Microsoft has continuous and systematic contacts with this District. Microsoft Corporation maintains an office in this District at 7000 and 7100 State Highway 161, Building LC1 & LC2, Irving, Texas 75039. On information and belief, this office is a regular and established place of business.

9. The Court has personal jurisdiction over Affirmed Networks because Affirmed Networks has continuous and systematic contacts with this District. Affirmed Networks maintains an office in this District at 2280 Campbell Creek Boulevard, Suite # 325, Richardson, TX 75082. On information and belief, this office is a regular and established place of business. Affirmed Networks is also actively hiring employees for multiple positions based in Dallas. Exhibit 1 (https://careers.microsoft.com/us/en/search-results?keywords=%23Affirmednetworks).

Case 2:25-cv-00305-JRG   Document 37-3   Filed 07/14/25   Page 4 of 10 PageID #:
Case 3:22-cv-00363-L   Document 1   Filed 02/14/22   Page 3 of 87   PageID 3
505

10. Additionally, the Court has personal jurisdiction over Defendants in this action because Defendants have committed acts of direct and indirect infringement in this District, including through selling and offering for sale infringing products and services in this District, because Lemko's claims arise out of and relate to Defendants' acts of infringement in this District, and because the exercise of jurisdiction by the Court over Defendants in this action would be reasonable and would not offend traditional notions of fair play and substantial justice given Defendants' persistent presence and contact with this District.

## LEMKO'S INNOVATIONS AND ASSERTED PATENTS

11. Based in Schaumburg, Illinois, Lemko has developed commercial networks using CDMA, 2G, 3G, 4G, and 5G technologies.

12. In 2004, Lemko began offering multi-access edge computing ("MEC") products and services. MEC refers to locating computing of traffic and services closer to the customer (the "edge" of a network) as opposed to locating that computing functionality in remote servers (the "cloud"). Lemko's MEC products and services allow local mobile devices to communicate through an edge server without connecting through a regional call center, improving performance and reducing costs.

13. The United States Patent and Trademark Office ("USPTO") awarded to Lemko patents covering solutions for providing MEC networks and other improvements in communications technology and the underlying infrastructure.

14. On June 16, 2009, the USPTO issued U.S. Patent No. 7,548,763 (the "'763 Patent"), entitled "System, Method, and Device for Providing Communications Using a Distributed Mobile Architecture." The '763 Patent identifies Shaowei Pan as its inventor and states that it was assigned to Lemko. Attached hereto as Exhibit 2 is a true and correct copy of the '763 Patent.

3

Case 2:25-cv-00305-JRG   Document 37-3   Filed 07/14/25   Page 5 of 10 PageID #:
Case 3:22-cv-00363-L   Document 1   Filed 02/14/22   Page 4 of 87   PageID 4
506

15. The '763 Patent generally discloses providing for group communications between participants, where each participant communicates with a base transceiver station controller coupled to a distributed mobile architecture ("DMA") server. The DMA servers may be configured to permit duplex communications capabilities between participants.

16. On January 26, 2010, the USPTO issued U.S. Patent No. 7,653,414 (the "'414 Patent"), entitled "System, Method, and Device for Providing Communications Using a Distributed Mobile Architecture." The '414 Patent identifies Shaowei Pan as its inventor and states that it was assigned to Lemko. Attached hereto as Exhibit 3 is a true and correct copy of the '414 Patent.

17. The '414 Patent generally discloses a DMA system that includes an authentication, authorization, and accounting ("AAA") module with a destination preference register, which includes a preferred path for communications to be routed outside of a DMA network accessible to the DMA system.

18. On December 21, 2010, the USPTO issued U.S. Patent No. 7,855,988 (the "'988 Patent"), entitled "System, Method, and Device for Routing Calls Using a Distributed Mobile Architecture." The '988 Patent identifies Shaowei Pan as its inventor and states that it was assigned to Lemko. Attached hereto as Exhibit 4 is a true and correct copy of the '988 Patent.

19. The '988 Patent generally discloses network communications systems for routing communications between distributed mobile architecture servers using DMA gateways ("DMAGs") where communications information indicates one or more devices accessible by one of a DMA server and a legacy communications network. Communication information is received at a first DMAG for a communications network accessible by a second DMAG.

Case 2:25-cv-00305-JRG   Document 37-3   Filed 07/14/25   Page 6 of 10 PageID #:
507
Case 3:22-cv-00363-L   Document 1   Filed 02/14/22   Page 5 of 87   PageID 5

20. On January 31, 2012, the USPTO issued U.S. Patent No. 8,107,409 (the "'409 Patent"), entitled "OAMP for Distributed Mobile Architecture." The '409 Patent identifies Shaowei Pan as its inventor and states that it was assigned to Lemko. Attached hereto as Exhibit 5 is a true and correct copy of the '409 Patent.

21. The '409 Patent generally discloses a DMAG that routes communications to DMA nodes and to roaming DMA nodes, including communications received from a legacy network, and to DMA nodes that can send performance data to a home DMAG and to a visitor DMAG.

22. On April 1, 2014, the USPTO issued U.S. Patent No. 8,688,111 (the "'111 Patent"), entitled "System, Method, and Device for Providing Communications Using a Distributed Mobile Architecture." The '111 Patent identifies Shaowei Pan as its inventor and states that it was assigned to Lemko. Attached hereto as Exhibit 6 is a true and correct copy of the '111 Patent.

23. The '111 Patent generally discloses receiving at a first DMA system, communications from a first mobile device directed to a second mobile device, and determining whether the second mobile device is registered with one of the first DMA system and a second DMA system based on information stored at an AAA module.

24. On November 17, 2015, the USPTO issued U.S. Patent No. 9,191,980 (the "'980 Patent"), entitled "System and Method to Control Wireless Communications." The '980 Patent identifies Shaowei Pan as its inventor and states that it was assigned to Lemko. Attached hereto as Exhibit 7 is a true and correct copy of the '980 Patent.

25. The '980 Patent generally discloses controlling wireless communications when communications are associated with a destination device and received from a first mobile

Case 2:25-cv-00305-JRG   Document 37-3   Filed 07/14/25   Page 7 of 10 PageID #:
     Case 3:22-cv-00363-L   Document 1   Filed 02/14/22   Page 6 of 87   PageID 6
                                                      508

device at a base transceiver station ("BTS") interface of a first DMA server to determine if a first DMAG supports communications with the destination device based on registration data stored at the first DMA server.

26. On May 3, 2016, the USPTO issued U.S. Patent No. 9,332,478 (the "'478 Patent"), entitled "System, Method, and Device for Routing Calls Using a Distributed Mobile Architecture." The '478 Patent identifies Shaowei Pan as its inventor and states that it was assigned to Lemko. Attached hereto as Exhibit 8 is a true and correct copy of the '478 Patent.

27. The '478 Patent generally discloses transmitting communications information from a first DMAG to a second DMAG in a DMAG communication network, where the information is associated with a communication network accessible by the first DMAG, and receiving a communication from the second DMAG via the DMAG communication network.

28. On September 5, 2017, the USPTO issued U.S. Patent No. 9,755,931 (the "'931 Patent"), entitled "Fault Tolerant Distributed Mobile Architecture." The '931 Patent identifies Shaowei Pan as its inventor and states that it was assigned to Lemko. Attached hereto as Exhibit 9 is a true and correct copy of the '931 Patent.

29. The '931 Patent generally discloses detecting a failure condition relating to a first DMAG at a DMAG management system in communication with at least the first DMAG, a second DMAG, and DMA nodes, and determining if a first DMAG is offline based on a failure condition, selecting the second DMAG, sending a first notification from the DMAG management system to the second DMAG, and sending a second notification from the DMAG management system to an external system configured to connect calls to a mobile station via the first DMAG.

Case 2:25-cv-00305-JRG   Document 37-3   Filed 07/14/25   Page 8 of 10 PageID #:
       Case 3:22-cv-00363-L   Document 1   Filed 02/14/22   Page 7 of 87   PageID 7
                                           506

30. The '763, '414, '988, '409, '111, '980, '478, and '931 Patents are collectively referred to herein as the "Asserted Patents."

31. The Asserted Patents are not abstract and specifically claim inventive concepts that represent significant improvements over conventional networking technology. Specifically, each of the Asserted Patents describes various hardware architectures with a variety of connection techniques that can be used with mobile device technology, particularly in edge-networks.

32. For example, each of the Asserted Patents solves problems relating to different aspects of determining if a mobile device is registered with a specific DMA or is roaming and should be connected to a different home DMA, interconnecting DMA networks with legacy communication networks so that mobile devices can seamlessly communicate with both local DMAs and non-local legacy networks, locally routing data to devices where possible instead of using backhaul to a non-local network, interconnecting DMA gateways to appropriately route communications to destination devices, and detecting and responding to network failure conditions.

33. The technology disclosed in the Asserted Patents was not available in the art at the time of the inventions because conventional networking systems did not provide such functionality, and did not provide the specific solutions using the specific components set forth in the claims of the Asserted Patents. To the contrary, then-conventional technology was based on a different paradigm that sought to either have a network that was entirely local or to have a network where the data storage and computational power was located in the cloud, rather than at the edge of the network.

C. An award to Lemko of such damages as it shall prove at trial against Defendants that is adequate to fully compensate Lemko for Defendants' infringement of the '763, '414, '988, '409, '111, '980, '478, and '931 Patents, said damages to be no less than a reasonable royalty;

D. An award to Lemko of enhanced damages under 35 U.S.C. § 284;

E. A finding that this case is "exceptional" and an award to Lemko of its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285;

F. An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '763, '414, '988, '409, '111, '980, '478, and '931 Patents; and

G. Such further and other relief as the Court may deem proper and just.

Respectfully submitted,

Dated: February 14, 2022

*s/ Jon Hyland*
Jon B. Hyland (Bar Number: 24046131)
HILGERS GRABEN
10000 N. Central Expy., Ste 400
Dallas, TX 75231-4180
Telephone: 972-645-3097
jhyland@hilgersgraben.com

*Attorneys for Plaintiff,*
Lemko Corporation

## DEMAND FOR JURY TRIAL

Lemko demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: February 14, 2022

*s/ Jon Hyland*
Jon B. Hyland (Bar Number: 24046131)
HILGERS GRABEN
10000 N. Central Expy., Ste 400
Dallas, TX 75231-4180
Telephone: 972-645-3097
jhyland@hilgersgraben.com

*Attorneys for Plaintiff,*
Lemko Corporation