# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LEMKO CORPORATION,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:22-CV-363-L** |
| § | |
| **MICROSOFT CORPORATION and** § | |
| **AFFIRMED NETWORKS, INC.,** § | |
| § | |
| Defendants. § | |

# ORDER

For the reasons herein explained, the court **stays** all discovery in this case for a brief period pending resolution of Defendants' Motion to Dismiss (Doc. 24).

On November 22, 2022, the parties filed their Initial Case Management Report ("Report") (Doc. 33) in response to the deadline set by the court for the parties to confer and file a joint status report. Included in the Report is a request by Microsoft Corporation and Affirmed Networks, Inc. ("Defendants") for a short telephonic conference to discuss discovery and scheduling issues raised in the Report. In particular, Defendants request a telephonic conference to discuss their request and proposal for "a phased approach to fact discovery in view of the significant and fundamental defects in Lemko's Complaint that warrant early dismissal" of Lemko Corporation's ("Plaintiff") patent infringement claims that are the subject of their pending Rule 12(b)(6) Motion to Dismiss. Report 5.

Plaintiff disagrees and asserts that the Motion to Dismiss should be denied or, even if granted, it should be given leave to amend its pleadings. Plaintiff, therefore, contends that there is no reason to stay the proceedings in this action pending resolution of Defendants' motion. Thus,

**Order – Page 1**

the parties dispute whether discovery should be stayed in whole or part pending resolution of Defendants' Motion to Dismiss.

The court is aware that plaintiffs generally like to commence discovery as soon as possible, whereas defendants generally prefer to delay the commencement of discovery, particularly when a motion to dismiss is filed and pending. The court is currently reviewing the parties' submissions that were filed in connection with the Motion to Dismiss and expects to rule on the motion in the near future or no later than the end of March 2023, as there are older civil and criminal matters on its docket. For this reason, and because there is no pending motion for injunctive relief by Plaintiff before the court,[1] and no reason was provided in the Report for expediting discovery, the court sees no harm in delaying the commencement of discovery for a short time until it rules on the Motion to Dismiss. For similar reasons, it determines that Plaintiff will not suffer any legal prejudice as a result of the brief delay.

Accordingly, Defendants' request is **granted** to the extent that discovery is **stayed** for a brief period until the court rules on their Motion to Dismiss.[2] If the Motion to Dismiss is denied or denied in part, the court will issue a scheduling order that governs the proceedings in this case, including discovery, after which the parties will be allowed to immediately commence discovery. Further, in light of this ruling, the court **denies as moot** Defendants' request for a telephonic conference.

---

[1] Plaintiff asserts in its Complaint that it is entitled to "injunctive relief, damages, and attorney's fees and costs" and requests a "preliminary and permanent injunction," but it has not filed a motion for temporary restraining order or a preliminary injunction, and the allegations in its Complaint do not address all of the requirements necessary for injunctive relief.

[2] Although the court has temporarily stayed discovery, it sees no reason to delay the entry of orders on the joint motions filed by the parties on December 7, 2022, regarding discovery and other matters (Docs. 34, 35, 37). Accordingly, orders on these joint motions will follow the entry of this order. The timing of the commencement of discovery, however, **shall** be governed by this order and the court's decision to temporarily stay the commencement of discovery, notwithstanding the inclusion of any language to the contrary in the orders on the parties' joint motions.

**Order – Page 2**

The court believes that this order resolves the issues for which a telephonic conference was sought. If, however, either party believes that a hearing or telephonic conference is necessary or warranted for another reason before the court rules on the Motion to Dismiss, the party or parties requesting a hearing or telephonic conference must file an appropriate motion that complies with this district's Local Civil Rules and includes a description of the issues requiring discussion and the court's attention. In the meantime, the parties and their counsel are reminded of their continuing obligation to comply with *Dondi Properties Corporation v. Commerce Savings & Loan Association*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc), while this action is pending, so that scarce judicial resources are not wasted unnecessarily.

**It is so ordered** this 12th day of January, 2023.

_____
Sam A. Lindsay
United States District Judge