# EXHIBIT 11

No. 2024-2336

# United States Court of Appeals for the Federal Circuit

LEMKO CORP.,
*Appellant*,

v.

MICROSOFT CORPORATION, AFFIRMED NETWORKS, INC.,
*Appellees*.

———————————————

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board, in No. IPR2023-00531.

———————————————

**REPLY BRIEF FOR APPELLANT LEMKO CORP.**

———————————————

| | |
|---|---|
| Paul J. Andre | Aaron Frankel |
| Lisa Kobialka | Jeffrey Price |
| James Hannah | Jeffrey Eng |
| KRAMER LEVIN NAFTALIS | KRAMER LEVIN NAFTALIS |
|  & FRANKEL LLP |  & FRANKEL LLP |
| 333 Twin Dolphin Dr., Suite 700 | 1177 Avenue of the Americas |
| Redwood Shores, CA 94065 | New York, NY 10036 |
| Telephone: (650) 752-1700 | Telephone: (212) 715-9100 |

***ATTORNEYS FOR LEMKO CORP.***

## III. THE BOARD FAILED TO CONSTRUE "DISTRIBUTED MOBILE ARCHITECTURE"

The Board committed legal error by failing to construe the word "distributed" in the term "distributed mobile architecture," despite the word's centrality to the parties' dispute. Br. at 46-56. In its Final Written Decision, the Board rejected Lemko's arguments regarding the scope of the full term "distributed mobile architecture," and decided to use the "plain and ordinary meaning of each of its individual terms" (Appx14), but then failed to explain its interpretation of the disputed individual word "distributed." Appx13 ("We need not assign further meaning to the term 'DMA' because determining that Patent Owner's construction is incorrect sufficiently decides the issues before us."). But declining to adopt Lemko's construction left "distributed" and, therefore, "distributed mobile architecture," unconstrued.

Thus, the Board did not resolve the dispute over the scope of the challenged claims and cannot have properly found substantial evidence to support its finding that Flore anticipated the claims. As a result, the Final Written Decision should be vacated and remanded for the Board to affirmatively construe the term and then assess whether Flore anticipates any claims under that construction. *CSR, PLC v. Skullcandy, Inc.*, 594 F. App'x 672, 677-78 (Fed. Cir. 2014) (vacating and remanding Board's decision because it failed to construe the term "threshold value" in a clear enough manner "to satisfy the requirement that a Board opinion must contain sufficient reasoning to permit appellate scrutiny").

20

### A. Lemko Argued the Construction of Distributed Mobile Architecture Before the Board

Lemko preserved its arguments about the construction of "distributed mobile architecture" by repeatedly raising them in the IPR proceedings. *Medtronic,* 68 F.4th at 1305 (a party preserves an issue for appeal when "the tribunal was 'fairly put on notice as to the substance of the issue.'").

While Microsoft claims that Lemko's arguments concerning the plain meaning of "distributed" is a "new" issue, this was one of Lemko's primary arguments during the entirety of the IPR proceeding. Br. at 22-31 (summarizing the "distributed mobile architecture" issue in the IPR proceeding); Appx168 (Patent Owner's Preliminary Response, "POPR") ("There is nothing '***distributed***' about the conventional, hierarchical networks disclosed in Flore . . . .") (emphasis added); *see also, generally,* Appx166-172 (POPR) (discussing construction of "distributed"); Appx293 (Patent Owner Response) ("The term 'distributed mobile architecture (DMA)' should be construed consistent with the plain meaning of its words and the inventor's description, which require a mobile architecture with ***distributed functionality*** and organization, ***instead of centralized functionality*** and hierarchal organization.") (emphasis added); *see generally* Appx293-303 (arguing construction of DMA); Appx389 (Sur-Reply) ("[T]he record is replete with undisputed, unrebutted evidence about what the term '***distributed***' means in the field of communications networks, including unrebutted explanations about how distributed networks differ categorically from hierarchical

21

ones.") (emphasis added); *see generally* Appx384-396 (claim construction argument); Appx2617 (Lemko's oral hearing demonstrative) (arguing that a distributed mobile architecture must have distributed call-routing functionality).

The Board and Microsoft well understood that Lemko was placing the construction of "distributed" at issue. The parties and the Board discussed at length during oral argument what it means for a mobile architecture to be "distributed." Br. at 28-29 (citing Appx420-421 (the Board's pre-hearing Order requesting the parties address several dictionary definitions related to distributed computing that the Board *sua sponte* proposed); Appx497-499 (Hearing Tr). at 60:17-26, 61:18-62:2 (Lemko's counsel discussing the Board-submitted dictionary exhibits); *see also* Appx488-491 at 51:23-54:10 (Lemko's counsel addressing the Board's questions' about claim construction).

And, in its Final Written Decision, the Board fully considered (and erroneously) rejected Lemko's proposed construction for "distributed mobile architecture," including specifically Lemko's proposal for the meaning of distributed. Appx8-21, Appx13 (14-page discussion of Lemko's proposed construction: "we disagree with Patent Owner that Petitioner's expert, Mr. Procter, conceded that '***distributed***' requires call routing functionality be distributed among the DMA systems.") (emphasis added). Thus, Lemko preserved its argument by repeatedly raising it to the Board and there is no merit to Microsoft's waiver argument.

22

### B. Lemko Seeks Remand Due to the Board's Failure to Construe a Dispositive Term

In focusing on how "distributed" should be construed, Microsoft ignores Lemko's argument on appeal. Resp. Br. at 49-51. Lemko is not asking this Court to **reverse** the Board's construction for distributed. There is no "construction" to reverse because the Board **failed** to construe the term. Appx13-14 (Final Written Decision). Lemko requests that the Court vacate the Final Written Decision and remand for the Board to construe the term "distributed mobile architecture."

The Board's failure to construe "distributed" is legal error. Simply noting that "DMA 'should be accorded . . . its plain and ordinary meaning of each of its individual terms'" and rejecting Lemko's proposed construction does not end the matter. Appx13-14 (quoting Appx348 (Reply)). A determination that a claim term has a plain and ordinary meaning is inadequate, as was the case here, "when reliance on a term's 'ordinary' meaning does not resolve the parties' dispute." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.,* 521 F.3d 1351, 1361 (Fed. Cir. 2008) (finding legal error where the district court declined to construe the term "only if" because the "parties presented a dispute … regarding the scope of the asserted claims").

*O2 Micro* applies fully to IPRs: "Just as district courts must, when the parties raise an actual dispute regarding the proper scope of claims, resolve that dispute, the Board also must resolve such disputes in the context of IPRs." *Homeland Housewares*, 865 F. 3d at 1375 (cleaned up) (finding the Board should have provided a construction for the

23

term "settling speed," after the Board had rejected patent owner's proposal and explicitly held it was not adopting any explicit construction of the term).

Microsoft does not dispute that *O2 Micro* requires the Board to construe terms when the parties have a material dispute over their construction, which alone requires remand of the Final Written Decision. Instead, Microsoft incorrectly contends that the Board did construe "distributed." Resp. Br. at 58. But Microsoft fails to identify the Board's construction of "distributed" because there was no such construction. *See id.*

Instead of identifying the Board's purported construction of the term "distributed," Microsoft first quotes its own proposed construction for "distributed," where Microsoft contended that the "plain meaning of 'distributed' means 'something that is part of a broader network or intended to be part of a broader network.'" Resp. Br. at 58 (quoting Appx9). Microsoft notes that the Board agreed that "DMA 'should be accorded . . . its plain and ordinary meaning of each of its individual terms," but the Board **did not** adopt Microsoft's interpretation of the plain and ordinary meaning of distributed. Resp. Br. at 58 (quoting Appx-13-14) (emphasis omitted). Microsoft also observes that the Board "explicitly considered and rejected Lemko's attempt to construe the DMA term to require 'call routing functionality' to be distributed." Resp. Br. at 58 (emphasis omitted). None of this, however, is an affirmative construction of what "distributed" actually means. The Board never provided such a construction and left that dispositive question unanswered.

24

The Board's rejection of Lemko's construction and decision that "distributed" should be given its plain and ordinary meaning is not the same as construing the term. Distributed mobile architecture is not an empty word—the parties agreed that it must mean something in the context of the '988 Patent for a mobile architecture to be "distributed." *See, e.g.*, Appx348 (Microsoft stating "the parties' dispute appears to focus on the term 'distributed.'"); Appx349 (Microsoft articulating its plain meaning of "distributed" as "something that is part of a broader network or intended to be part of a broader network."); Appx385 (Lemko arguing that "[r]eading 'DMA' out of the Challenged Claims would be especially egregious here given the emphasis on the distributed nature of the claimed mobile architecture throughout the '988 Patent").

Without construing the term "distributed" and resolving the legal question of the scope of the challenged claims, the Board cannot have properly found substantial evidence to support anticipation. *CSR, PLC*, 594 F. App'x at 678 ("The Board erred by failing to construe 'threshold value' as it is used in claims 1-6 before finding that [a prior art reference] failed to disclose a 'threshold value'" in anticipation). In *CSR*, this Court agreed with the appellant that the "absence of a clear construction fails to satisfy the requirement that a Board opinion must contain sufficient reasoning to permit appellate scrutiny." *Id.* at 677; *see also id.* at 677-78 (quoting *Gechter v. Davidson*, 116 F.3d 1454, 1457 (Fed. Cir. 1997) (holding that the Board's "findings must be expressed with sufficient particularity to enable [the] court, without resort to speculation, to understand the reasoning of the Board, and to determine whether it applied the law correctly and

25

whether the evidence supported the underlying fact findings)); *see also Gechter*, 116 F.3d at 1460 (the Board's claim construction "must . . . be explicit, at least as to any construction disputed by parties").

Microsoft argues that the Board correctly relied on Figure 6 of the '988 Patent to support its rejection of Lemko's proposed claim construction. Resp. Br. at 56-57. There are multiple flaws with this argument. First, Lemko's issue on appeal is that remand is necessary because the Board erred in failing to provide an affirmative construction for "distributed." Br. at 50-56. Thus, evidence that purportedly supports the Board's rejection of Lemko's construction does not excuse its failure to provide an actual construction. Second, Microsoft did not rely on Figure 6 below in opposing Lemko's proposed construction. Instead, the Board improperly raised the notion *sua sponte* that Figure 6 would be inconsistent with a requirement that a distributed mobile architecture is different from conventional architectures that are hierarchical. Appx18-19.

The Board erred in basing its decision on an interpretation of Figure 6 that neither party advanced. Br. at 53-54 (citing *In re Magnum Oil Tools, Int'l, Ltd.*, 829 F.3d 1364, 1381 (Fed. Cir. 2016); Appx18-19)). Microsoft's responsive reliance on *Rovalma, S.A. v. Bohler–Edelstahl GmbH & Co. KG*, 856 F.3d 1019 (Fed. Cir. 2017), is misplaced because it requires the Board to "timely inform a patent owner of 'the matters of fact and law asserted'" so that it has "adequate notice and an adequate opportunity to be heard." *Id.* at 1029. The Board's reliance here on arguments not made by either party

26

failed to provide such notice because Lemko never had a chance to address it or notice that it needed to do so.

Finally, to the extent the Court reaches the merits of the argument, the Board completely misread Figure 6, which is not surprising given the lack of briefing about Figure 6 as it relates to this issue. Figure 6 shows two separate DMA networks (620 and 640), each of which interconnects the DMA servers of those networks (622, 624, 626) and (642, 644, and 646) to form a non-hierarchical network with routing functionality distributed among the individual DMA servers. Appx81-82 at 9:55-10:3, 10:24-11:9 ('988 Patent); Appx1482-1484, ¶¶ 70-72 (Cooklev Decl.) (analyzing Figure 6). The Board observed that there is a hierarchical connection **between** the two DMA networks over the DMA gateway network (606) between DMA gateways (602 and 604), but that is irrelevant to the non-hierarchical structure **of the DMA networks themselves** (620, 640), each of which is a decentralized group of DMA servers connected as peers. Appx18-19.

27



Appx67 at Fig. 6.

The key difference between this distributed mobile architecture and a conventional hierarchical architecture is that the DMA gateway is not a centralized node that routes **all calls**, like the SGSN and Inter A/S Anchor of Flore. For example, calls between UE 632 and 634 in Figure 6 above would never traverse DMAG 602.

In sum, the Court should decline Microsoft's invitation to construe "distributed" in the first instance. In *CSR,* the court vacated and remanded for the Board to construe the term that it had erred by leaving unconstrued. *CSR*, 595 F. App'x at 678. The Court similarly held, in *Homeland Housewares*, 865 F.3d at 1374-75, that the Board must construe the claims before determining whether they are infringed, obvious, or anticipated. The Court should take the same path here and remand so that the Board can, in the first instance, evaluate the record evidence concerning the plain and ordinary

28

meaning of the term "distributed," construe the disputed term, and evaluate whether the prior art anticipates the challenged claims under the correct construction of the term.

## CONCLUSION

Lemko respectfully requests that the Court reverse the Board's Final Written Decision and find patentable Claims 1, 3-9, and 20 of the '988 Patent in view of the Board's erroneous construction of "communications information." In the alternative, the Final Written Decision should be vacated and the case remanded for the Board to construe "distributed mobile architecture."

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 30, 2025 | By: /s/ *Aaron M. Frankel* |

Paul J. Andre
Lisa Kobialka
James Hannah
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

Aaron M. Frankel
Jeffrey Price
Jeffrey Eng
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
afrankel@kramerlevin.com
jprice@kramerlevin.com
jeng@kramerlevin.com

*Attorneys for Appellant*
Lemko Corp.