IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LEMKO CORPORATION,<br><br>       Plaintiff,<br>  v.<br><br>AT&T INC., AT&T ENTERPRISES LLC, AT&T COMMUNICATIONS LLC, AT&T MOBILITY LLC, AT&T MOBILITY LLC II, and AT&T SERVICES, INC.,<br><br>       Defendants. | Case No. 2:25-cv-00305-JRG |

**PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO
DEFENDANTS' MOTION TO TRANSFER UNDER THE FIRST-TO-FILE RULE**

**I.    INTRODUCTION**

As explained in Lemko's Opposition, AT&T's motion to transfer should be denied because this case involves different defendants, different accused products, and different patents from those at issue in Lemko's case against Microsoft in the Northern District of Texas. As a result, this case is the first and only case filed for this controversy, which is about AT&T's infringement through its nationwide cellular network and private network services, neither of which are at issue in the case against Microsoft. AT&T fails to show that there is a substantial overlap between the two cases and, therefore, the first-to-file rule does not apply.

**II.   ARGUMENT**

**A.    There is No Substantial Overlap Between this Case and the Microsoft Case**

**1.    The Microsoft-Case Defendants Are Different**

AT&T admits that the defendants in this case are different from the defendants in the Microsoft Case. And AT&T appears to have abandoned its argument that there is legal privity between AT&T and Microsoft that could trigger the first-to-file rule. Reply at 5 (AT&T: "it is not a formal determination of privity that matters."). Instead, AT&T now attempts to analogize to cases involving separate actions filed against manufacturers and customers for the *same* products. *Id.* at 4-5. Here, there is no such relationship because Microsoft does not make or supply the accused products at issue in this case, which are AT&T's nationwide network and AT&T's private networks.

AT&T's cases are inapposite because they depend on facts not present here. For example, in *Victaulic*, the *same* product was at issue in both cases, and the parties had a manufacturer/distributer relationship. *Victaulic Co. v. Romar Supply, Inc.*, 13-cv-02760-K, 2013 WL 6027745, at *1 (N.D. Tex. Nov. 14, 2013). Specifically, the manufacturer filed one case seeking a declaratory judgment that its SlideLok pipe coupling did not infringe and the other case

1

was a patent infringement case accusing the distributor of infringing by selling the exact same SlideLok pipe coupling that was at issue in the manufacturer's case. Here, the accused products are different in each case, so *Victaulic* does not apply. And AT&T's other case, *In re Taasera*, turned on the party in the second-filed case being a subsidiary of the party in the first-filed case, another fact which is not present here. *In re Taasera Licensing LLC Pat. Litig.*, 22-MD-03042-JRG, 2023 WL 2716548, at *1 (E.D. Tex. Mar. 29, 2023). Neither case applies to the facts at issue, where there is no subsidiary or privity relationship and the accused products are different and, at most, Microsoft supplies one component among many that AT&T assembles into the accused products. Thus, the difference in parties warrants denial of AT&T's motion.

### 2. The Accused Products in the Microsoft Case Are Different

The Accused Products in this case are different from the accused products in the Microsoft Case. AT&T incorrectly contends that its nationwide cellular network is not at issue in this case. Reply at 3. Pursuant to the Court's Docket Control Order, Lemko identified the particular products it is accusing of infringement in this case in its July 23, 2025, Infringement Contentions. Lemko specifically accuses of infringement AT&T's nationwide cellular network and its private network offerings, and provided seven detailed infringement claim charts specifically for AT&T's nationwide cellular network. *See, e.g.*, Ex. 1 at 3-8; Ex. 2 at 1-7 (identifying accused nationwide network). Microsoft does not make or sell AT&T's accused nationwide network or its private network offerings.

AT&T argues that the first-to-file rule should nevertheless apply because Microsoft supplies Azure Private 5G Core software to AT&T. Reply at 3. But Microsoft's Azure Private 5G Core is only one of multiple components and functionalities that comprise AT&T's infringing networks. *See, e.g.*, Ex. 1 at 6. Lemko does not assert any claims of infringement against AT&T based only on the use of Azure Private 5G Core as a stand-alone infringing product. Instead,

2

Lemko's infringement contentions discuss the Azure Private 5G Core software as being just one component that AT&T uses to provide its infringing products and services. *See, e.g., id.* ("AT&T-certified VNFs can be deployed on-premises, in the public cloud (Microsoft Azure, Google Cloud Platform, and AWS), and in third-party data centers like Equinix and TAO."); Ex. 3 at 5 (same).

AT&T continues to focus on Lemko's allegation that AT&T sometimes uses Azure servers provided by Microsoft to run software for its accused private networks, satisfying the server claim limitation in a handful of the asserted claims. But Lemko's infringement contentions are clear that the servers at issue can be any common off the shelf server (COTS) capable of running the control software, and that Microsoft is just one supplier of COTS servers. Ex. 1 at 6 ("AT&T On-Premises Cellular Networks has 'virtualized' the network functions performed by the 4G EPC and 5GC core networks, implemented as software running on Universal Customer Premises Equipment ('uCPE') devices or other Common-Off-The-Shelf ('COTS') servers."). The whole point of COTS servers is that they can be supplied by anyone. Dkt. 37-8, Ex. 6 (defining COTS as an industry term for general purpose servers that can come from a variety of sources and provide a variety of functions).

Indeed, Lemko's infringement contentions rely on AT&T's implementation of 4G and 5G functionality generally, which is outside of the scope of Microsoft's products, and also rely on software provided to AT&T by others, such as the Hewlett Packard Enterprises' ("HPE") Integrated Home Subscriber Server ("I-HSS"). *See, e.g.,* Ex. 3 at 13-18 (discussing 4G and 5G functionality generally), 18-20 (discussing HPE I-HSS's 5G functionality). These facts further highlight that the infringement issues in this case are different from (and not coextensive with) the infringement issues in the Microsoft Case.

AT&T's continued reliance on *Bosch* is unfounded and based on a misreading of the facts in that case. In its Reply, AT&T states that "Lemko attempts to distinguish *Bosch* by arguing 'one

of the reasons' the Court ordered transfer was the same products were at issue. But in *Bosch **the products also were not identical***, so this is no distinction at all." Reply at 1 (emphasis added). To the contrary, the Court's decision in *Bosch* turned on the ***same*** Defendants and "many of the ***same*** products" being accused of infringement in both the first and second-filed cases. *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC,* 13-cv-00349-JRG, 2014 WL 12618095, at *1 (E.D. Tex. Mar. 10, 2014) (emphasis added). Here, all of the defendants and accused products are different across the two cases. Similarly, in *SIPCO, LLC v. Emerson Elec. Co.*, 15-cv-907, 2016 WL 7743496, at *4 (E.D. Tex. July 1, 2016), "[b]oth actions involve the ***same parties*** . . . and the ***same accused products***." (emphasis added). Thus, AT&T fails to identify a relevant case where the first-to-file rule applied to a later filed case involving different parties selling different products.

       **3.**      **The Asserted Patents in the Microsoft Case Are Different**

AT&T concedes as it must that ***none*** of the Asserted Patents in this case are asserted in the Microsoft Case and none of the asserted patents in the Microsoft Case are asserted here. Reply at 1. That alone is reason sufficient to deny Defendants' Motion.

AT&T again relies heavily on *Bosch*, claiming that the Court ordered a transfer even though the patents were different. However, as discussed above, *Bosch* involved very different facts where the same defendants were selling "many of the ***same*** products" being accused of infringement in both cases. *Robert Bosch Healthcare Sys.*, 2014 WL 12618095, at *1 (emphasis added); Reply at 1. *Bosch* does not stand for the proposition that different but related patents being asserted in different cases against different defendants for different accused products should be subject to the first-to-file rule.

*Datamize* and *Personalized Media* show transfer is not appropriate where the parties, products, and claims are different, as is the case here. *Datamize, Inc. v. Fidelity Brokerage Services, LLC*, 03-cv-321-DF, 2004 WL 1683171, at *7 (E.D. Tex. Apr. 22, 2004) (no substantial

4

overlap in cases involving "different defendants, patent claims, claim scopes, accused products"); *Personalized Media Commc'ns, L.L.C. v. Motorola, Inc.*, 08-cv-70, 2009 WL 10643344, at *2 (E.D. Tex. Sept. 30, 2009) (no substantial overlap where "the plaintiff asserts different claims against different defendants"). Defendants attempt to distinguish these cases by arguing that they involved situations where the Court found the cases not substantially overlapping because Defendants were in different industries, such as satellite and cable communications. Reply at 1-2. However, no case cited by either party has held that overlap in industry is enough to trigger the application of the first-to-file rule.

      **B.**    **Transfer Would Not Promote Judicial Economy or Efficient Resolution of the Parties' Disputes**

As discussed in Lemko's Opposition, given the lack of progress in the Microsoft Case, transfer of this action to NDTX would delay the resolution of the dispute presented in this case, frustrating the purpose of the first-to-file rule. Opposition at 10. The stay of the Microsoft Case was lifted two weeks ago, but no scheduling order or trial date has been set yet, and there is no basis to conclude that transferring this action to NDTX would promote "considerations of judicial and litigant economy, and the just and effective disposition of disputes." *Mobility Elecs., Inc. v. Am. Power Conversion Corp.*, 07-cv-83, 2007 WL 9724768, at *3 (E.D. Tex. Oct. 10, 2007). In contrast, jury selection for this case has already been set for December 7, 2026. Dkt. 42 at 1. This is another independent reason to deny AT&T's motion.

**III.**    **CONCLUSION**

For the foregoing reasons, Lemko respectfully requests that the Court deny AT&T's motion to transfer this case to NDTX.

| | |
|---|---|
| Dated: July 29, 2025 | */s/ Aaron M .Frankel*<br>Paul J. Andre (*pro hac vice*)<br>Lisa Kobialka (*pro hac vice*)<br>James Hannah (*pro hac vice*)<br>HERBERT SMITH FREEHILLS<br>KRAMER (US) LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065<br>Telephone: (650) 752-1700<br>Facsimile: (650) 752-1800<br>Paul.Andre@hsfkramer.com<br>Lisa.Kobialka@hsfkramer.com<br>James.Hannah@hsfkramer.com<br><br>Aaron M. Frankel<br>HERBERT SMITH FREEHILLS<br>KRAMER (US) LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 715-9100<br>Facsimile: (212) 715-8000<br>Aaron.Frankel@hsfkramer.com<br><br>Elizabeth L. DeRieux<br>State Bar No. 05770585<br>Capshaw DeRieux LLP<br>114 E. Commerce Ave.<br>Gladewater, TX 75647<br>Telephone: (903) 845-5770<br>ederieux@capshawlaw.com<br><br>*Attorneys for Plaintiff*<br>Lemko Corporation |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2025, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Aaron M. Frankel*
Aaron M. Frankel
