# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LEMKO CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T INC., AT&T ENTERPRISES LLC, AT&T COMMUNICATIONS LLC, AT&T MOBILITY LLC, AT&T MOBILITY LLC II, and AT&T SERVICES, INC.,<br><br>    Defendants. | Civil Action No. 2:25-cv-305-JRG |

**DEFENDANTS' RESPONSE TO SUR-REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF TEXAS UNDER THE FIRST-TO-FILE RULE**

In its sur-reply, Lemko makes arguments focused entirely on new infringement claims raised in its Patent L.R. 3-1 infringement contentions served the day after AT&T's reply brief, ignoring the claims of infringement in its complaint. And Lemko continues to disregard the applicable legal standard for transfer of "substantial overlap" with the first-filed case, grounded in principles of comity and judicial economy. But Lemko's reliance on its Patent L.R. 3-1 infringement contentions to try and defeat transfer "is contrary to the principle that a trial court must first address whether it is a proper [] venue before addressing any substantive portion of the case" raised in contentions. *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013).

In its reply, AT&T argued that "Lemko's complaint contains no allegations directed to AT&T's nationwide cellular network" or to other "unspecified" third-party software. Dkt. 40 ("Reply") at 3. In its sur-reply, Lemko attached its infringement contentions, served one day after AT&T's reply brief, to argue that AT&T's nationwide network *is* accused here and Microsoft and its mobile core software at issue in NDTX is merely one component and supplier that underlies its claims of infringement. In doing so, Lemko does not deny that these allegations are outside the scope of its complaint and instead contends only that it identified these products and additional component suppliers "in its July 23, 2025, Infringement Contentions." Dkt. 44 ("Sur-Reply") at 2; *compare with* Dkt. 40 (AT&T reply filed July 22).

But on similar facts in *Nintendo, supra,* the Federal Circuit made clear that the district court must first "assess whether the case against [AT&T]—*as it was originally filed*—should be [] transferred." *Nintendo,* 544 Fed. App'x at 940 (emphasis added). "The subsequent addition" of new claims in Patent L.R. 3-1 infringement contentions "does not factor into this inquiry," as resolution of the motion to transfer "should not be driven by claims that were later added." *Id.* AT&T acknowledges that *Nintendo* was decided in the context of Rules 18, 20 and 21, with later-

1

added contentions implicating potential misjoinder of claims and parties not present here; but the *Nintendo* court's reasoning still squarely applies. Just as the rationale behind the first-to-file rule is deference to the first-filed court where "substantial overlap" exists, so too in *Nintendo* the Court reiterated that a district court must first address whether or not it is the proper venue "before addressing any substantive portion of the case" raised by infringement contentions. *Id.* at 941. Thus, Lemko's infringement contentions purporting to add new accused products and suppliers after AT&T's motion to transfer was filed is not a proper basis to deny transfer. *Id.* at 940 (infringement contentions "cannot change the character of the relationship between the original parties for purposes of assessing … transfer.").

      The Court's inquiry can end there. However, even if the Court is inclined to consider Lemko's infringement contentions (which it need not), those contentions only further demonstrate the substantial overlap warranting transfer to NDTX under the first-to-file rule. Exhibit 2 to Lemko's sur-reply attaches only the first 7 pages of an exemplary infringement chart directed to AT&T's nationwide network, citing it to claim that "Microsoft does not make or sell AT&T's accused nationwide network…." Sur-Reply at 2. But boldly, and surprisingly, Lemko omits the remaining 84 pages of that chart, which cite to Microsoft's mobile core software—the same mobile core software at issue in NDTX—44 times for just 3 asserted claims (claims 1, 8 and 13). Ex. A. According to page 8 of Lemko's chart (only pages 1–7 were included in Lemko's exhibit) "since June 30, 2021, all of AT&T's mobile network traffic is managed using Microsoft Azure technologies—Azure for Operators or Azure Operator Nexus—with Azure Operator 5G Core and Azure Private 5G Core representing specific core services within these portfolios." Ex. A at 8 n.1. Lemko's partial disclosure in its argument to the Court is misleading and should be disregarded in ruling on AT&T's well-taken motion to transfer based on the first-to-file rule.

2

Dated: August 5, 2025                    Respectfully submitted,

*/s/ Kelly C. Hunsaker*
Kelly C. Hunsaker
California Bar No. 168307
khunsaker@winston.com
**WINSTON AND STRAWN LLP**
255 Shoreline Drive, Ste. 520
Redwood City, CA 94065
Tel: (650) 858-6500
Fax: (650) 858-6550

Krishnan Padmanabhan
(admitted *pro hac vice*)
kpadmanabhan@winston.com
**WINSTON AND STRAWN LLP**
200 Park Ave
New York, NY 10166
Tel: 212-294-6700
Fax: 212-294-4700

Deron R. Dacus
Texas Bar No. 00790553
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323 Suite 430
Tyler, TX 75701
Tel: 903-705-1117
Fax: 903-705-1117

**COUNSEL FOR DEFENDANTS
AT&T ENTERPRISES LLC, AT&T
MOBILITY LLC, AT&T MOBILITY II LLC,
AND AT&T SERVICES INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on August 5, 2025, the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

                                                          */s/ Kelly C. Hunsaker*
                                                          Kelly C. Hunsaker