**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LEMKO CORPORATION, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 2:25-CV-00305-JRG |
| | § | |
| AT&T ENTERPRISES LLC, AT&T | § | |
| MOBILITY LLC, AT&T MOBILITY LLC II, | § | |
| and AT&T SERVICES, INC., | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the Motion to Transfer Venue to the Northern District of Texas (the "Motion") filed by Defendants AT&T Enterprises LLC, AT&T Mobility LLC, AT&T Mobility LLC II, and AT&T Services, Inc. (the "Defendants"). (Dkt. No. 33). In the Motion, Defendants move to transfer the above-captioned case to the United States District Court for the Northern District of Texas (the "NDTX") pursuant to the first-to-file rule. (*Id*. at 1). Specifically, Defendants assert that this case substantially overlaps with the earlier-filed *Lemko Corp. v. Microsoft Corp. et al*, Case No. 3:22-cv-363-K (the "NDTX Case"). (Dkt. No. 31, at 1). Plaintiff Lemko Corporation ("Plaintiff") opposes the Motion. (*See* Dkt. No. 37). Having considered the Motion and its related briefing, and for the reasons set forth herein, the Court finds that it should be **DENIED**.

## I.    BACKGROUND

On February 14, 2022, Plaintiff filed suit against non-parties Microsoft Corporation and Affirmed Networks Inc. (the "Non-Parties") in the NDTX. (NDTX Case, Dkt. No. 1). There,

Plaintiff alleges that the Non-Parties infringe eight (8) of its patents[1] that generally relate to a distributed mobile architecture structure for use in a 4G (LTE) or 5G Network (the "NDTX Patents"). (*See* NDTX Case, Dkt. No. 80 ¶ 38). Specifically, Plaintiff accuses the Affirmed Mobile Core (software) and the Azure Stack Edge (a common-off-the-shelf server ("COTS")) of infringement. (Dkt. No. 33, at 7).

Then, on March 17, 2025, Plaintiff filed this case. (Dkt. No. 1). Here, Plaintiff alleges that Defendants infringe seven (7) of its patents[2] that are related to but distinct from the NDTX Patents (the "Asserted Patents"). (*Id.* ¶¶ 27–33; *see also* Dkt. No. 33-13, at 2). Particularly, Plaintiff accuses the AT&T Private 5G Edge of infringement. (Dkt. No. 33, at 7). The Private 5G Edge runs Azure Private 5G software on a variety of COTS, including the Azure Stack Edge. (*Id.*).

## II.    LEGAL STANDARD

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citations omitted); *see also Int'l Fidelity Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 677–678 (5th Cir. 2011). "The rule rests on principles of comity and sound judicial administration." *Cadle*, 174 F.3d at 603 (citations omitted). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* (quotation omitted). In determining whether cases "substantially overlap," the Court may look to "factors such as whether

---

[1] Plaintiff asserts the following patents in the NDTX Case: U.S. Patent No. 7,548,763; U.S. Patent No. 7,653,414; U.S. Patent No. 7,855,988; U.S. Patent No. 8,107,409; U.S. Patent No. 8,688,111; U.S. Patent No. 9,191,980; U.S. Patent No. 9,332,478; and U.S. Patent No. 9,755,931. (NDTX Case, Dkt. No. 80 ¶¶ 20–36).

[2] Plaintiff asserts the following patents in the this case: U.S. Patent No. 7,840,230; U.S. Patent No. 7,979,066; U.S. Patent No. 8,224,322; U.S. Patent No. 8,310,990; U.S. Patent No. 8,340,667; U.S. Patent No. 8,359,029; and U.S. Patent No. 9,198,020. (Dkt. No. 1 ¶¶ 28–34).

'the core issue . . . was the same' or if 'much of the proof adduced . . . would likely be identical.'" *Int'l Fidelity*, 665 F.3d at 678 (quotations omitted). "The first-to-file rule is a discretionary doctrine," and a district court's decision to apply the rule is reviewed for abuse of discretion. *Id*. at 677–678 (citation omitted).

"In patent cases, courts determining whether cases were substantially [overlapping] have examined whether they involved the same parties, the same technology, the same inventors, overlapping remedies, the same witnesses, or overlapping issues in claim construction." *SIPCO, LLC v. Emerson Electric Co.*, 2016 WL 7743496, at *2 (E.D. Tex. Jul. 1, 2016) (citing *E-Z-EM, Inc. v. Mallinckrodt, Inc.*, 2010 WL 1378820, at *2 (E.D. Tex. Feb. 26, 2010)). For example, this Court has found "substantial[] overlap" between cases that involved closely related patents and "many of the same products." *Robert Bosch Healthcare Sys., Inc. v. Cariocom*, 2014 WL 12618095, at *1 (E.D. Tex. Mar. 10, 2014). In another example, the Court has found that "[s]ubstantial overlap does not exist" between cases that involved "the same patents" because "the plaintiff assert[ed] different claims against different defendants and accuse[d] different technology platforms" of infringement. *Personalized Media Communications, L.L.C. v. Motorola, Inc.* , 2009 WL 10643344, at *2 (E.D. Tex. Sep. 30, 2009).

## III.    ANALYSIS

Substantial overlap does not exist here. First, this case and the NDTX case involve different defendants. *See Personalized Media*, 2009 WL 10643344 at *2. Second, the cases involve different technology platforms. *Id*. Specifically, the underlying software is different in this case (Azure Private 5G Core) than in the NDTX Case (Affirmed Mobile Core). (*See* Dkt. No. 33, at 7). Further, and whereas Plaintiff has identified Azure Stack Edge servers as an accused product in the NDTX Case, the Private 5G Edge at issue here is not required to use the Azure Stack

3

Edge.  (*See id*. ("The servers may be common-off-the-shelf servers (COTS), including [Microsoft] Azure Stack Edge servers, or other COTS servers") (quotation omitted)).  A potential but not assured overlap in a mere subcomponent of a system is not substantial.  Third, and as a result of having different defendants and different accused products, this case and the NDTX Case are unlikely to have substantial overlap in discovery.  Indeed, patent cases have an "assumption" that most discovery "comes from the infringer . . . [that] is now so engrained in the case law." *Affinity Labs of Texas v. Samsung Electronics Co., Ltd.*, 968 F.Supp.2d 852, 857 (E.D. Tex. 2013).

At best, the cases involve related patents.[3]  However, given the significant differences in parties, accused products, and expected discovery, transferring this case to the NDTX "will produce only minimal gains in judicial economy, if any at all." *Personalized Media*, 2009 WL 10643344 at *2.

Accordingly, the Court finds that transfer under the first-to-file rule is not warranted here.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that the Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 6th day of March, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that none of the Asserted Patents are asserted in the NDTX Case.  *See supra* notes 1–2.